UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GREGORY PARR,

                Plaintiff,                  Case No. 1:07-cv-278

v.                                                     Honorable Robert Holmes Bell

THOMAS PHILLIPS et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated in the Pugsley Correctional Facility (MPF). In his *pro se* complaint, Plaintiff sues Warden Thomas Phillips, Deputy (Unknown) Smiley, Resident Unit Manager (Unknown) Deur, Assistant Resident Unit Manager (Unknown) Mitchell, Lieutenant (Unknown) Jones, Captain (Unknown) Myers, and Jane and John Does.

On November 14, 2006, the Michigan Department of Corrections (MDOC) transferred Plaintiff to MPF. At that time, Plaintiff completed a Tobacco-Free Housing Unit Form for placement in a non-smoking cell. Instead, Defendants placed Plaintiff in Housing Unit C-2 with prisoners who were allowed to purchase tobacco and matches from the prison store and smoke regularly in violation of MDOC policies. *See* MICH. DEP'T OF CORR., Policy Directive 01.03.140, ¶ B (effective Apr. 24, 2006) ("[s]moking is prohibited inside all Department occupied buildings, including prisoner housing units"). Housing Unit C-2 was not designated as a tobacco-free housing unit. Plaintiff states that all seven prisoners in his "cube" smoked tobacco. (Compl. at 5.) Further, Plaintiff alleges that the housing unit ventilation system merely re-circulated the smoke-filled air. As a result, Plaintiff was exposed to high levels of Environmental Tobacco Smoke (ETS), or secondhand smoke, which posed "an unreasonable risk of serious damage to his future health." (*Id.*) Plaintiff states that Defendants "knew or should have known the seriousness of [his] medical needs and were deliberate indifferent to that need" in violation of the Eighth Amendment. (*Id.*)

Plaintiff filed a Step I grievance for Grievance No. MPF-07-01-00-005-03C on January 3, 2007. (*See* Ex. to Compl., Jan. 3, 2007 Step I Grievance, docket #1.) On January 4, 2007, the Step I Respondent stated that he could not find a Tobacco-Free Housing Unit Form in Plaintiff's

prison file. He immediately brought this to the attention of Defendant Mitchell, who sent a form to Plaintiff. (*See* Ex. to Compl., Jan. 4, 2007 Step I Grievance Response, docket #1.) After completing the form, Defendants transferred Plaintiff to a tobacco-free housing unit around January 6, 2007. (*See* Ex. to Compl., Jan. 16, 2007 Step II Grievance, docket #1.)

Finally, Plaintiff alleges that the MDOC placed prisoners entering at the same time, and after, Plaintiff's arrival to MPF in tobacco-free housing units upon their request. (Compl. at 5.) Defendants, however, failed to place Plaintiff in a tobacco-free housing unit. In Grievance No. MPF-07-01-00-005-03C, Plaintiff mentioned that the MDOC placed prisoner Ogrodowski "within a reasonable time" in a tobacco-free housing unit after he was transferred to MPF on November 14, 2006. (*See* Ex. to Compl., Jan. 3, 2007 Step I Grievance, docket #1.) Plaintiff's allegations raise an equal protection claim under the Fourteenth Amendment.

For relief, Plaintiff requests monetary damages.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.   **Eighth Amendment**

Plaintiff alleges an Eighth Amendment claim against Defendants based on his exposure to high levels of ETS during his two month stay in a MPF non-tobacco free housing unit, which allegedly posed an unreasonable risk of serious damage to his future health. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment also obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A prison official violates the Eighth Amendment when he or she is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

*Helling v. McKinney,* 509 U.S. 25 (1993) is the seminal Supreme Court case in this area. In *Helling*, a prisoner initiated a § 1983 action against prison officials claiming that his involuntary exposure to ETS from a cellmate[1] posed an unreasonable risk of serious damage to his future health in violation of the Eighth Amendment. *Helling*, 509 U.S. at 35. The Supreme Court affirmed the decision of the Court of Appeals to remand the case to the district court to allow the prisoner an opportunity to prove his case, which also required the prisoner to prove both the subjective and objective elements necessary for an Eighth Amendment violation. *Id*. Relevant to the objective element is whether the prisoner endured unreasonably high exposure to ETS that society would consider violative of contemporary standards of decency. *Id.* at 35-36. Relevant to

---

[1] The cellmate in *Helling* smoked five packs of cigarettes a day. *Helling,* 509 U.S. at 35.

the subjective element is whether prison officials had exhibited deliberate indifference with regard to the dangers of a prisoner's exposure to ETS. *Id*. at 36.

Plaintiff fails to satisfy the objective component for an Eighth Amendment violation. To prove the objective element, the prisoner must first show that he has been exposed to unreasonably high levels of ETS.[2] *Id.* at 35. "More than mere scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will be caused by exposure to ETS" is necessary to establish the objective component. *Id.* at 36. Second, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.* Plaintiff alleged that he was exposed to high levels of ETS by his seven cellmates during the two months while he was housed in a non-tobacco free housing unit. Nevertheless, Plaintiff failed to provide any evidence measuring or quantifying his level of exposure. Plaintiff's conclusory allegations regarding the level of ETS to which he was exposed fail to support the objective component of an Eighth Amendment claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

The Supreme Court in *Helling* did not mandate smoke free prisons. *Williams v. Howes,* No. 1:05-cv-817, 2007 WL 1032365, at *14 (W.D. Mich. Mar. 30, 2007) (citing *Scott v. Dist. of Columbia*, 139 F.3d 940, 942 (D.C. Cir. 1998) and *Mansoori v. Lappin,* No. 04-3241-JAR,

---

[2]"Plainly relevant to this determination" was the fact that plaintiff in *Helling* had been moved to a different prison and was "no longer the cellmate of a five-pack-a-day smoker." *Helling,* 509 U.S. at 35. The Supreme Court also observed that the prison had adopted a formal smoking policy restricting smoking to certain areas and where wardens could, contingent on space availability, designate non-smoking areas in dormitory sections. *Id.* at 35-36. The Supreme Court noted that the changed policies could make it impossible for the plaintiff to prove that he would be exposed to an unreasonable risk of ETS with respect to his future health. *Id.* at 36.

2007 WL 401290, at *10 (D. Kan. Feb. 1, 2007)).  A prisoner's exposure to smoke must cause more than mere discomfort or inconvenience.  *Talal v. White,* 403 F.3d 423, 426 (6th Cir. 2005).  Plaintiff does not allege that his exposure to ETS caused him anything beyond discomfort.  In his complaint, he does not allege any serious medical problems related to the ETS exposure such as asthma or allergies.  Within two months of Plaintiff's transfer to MPF, Defendants assigned Plaintiff to a tobacco-free housing unit.  *See Oliver v. Deen*, 77 F.3d 156, 159-61 (7th Cir. 1996) (an asthmatic inmate's assignment to cells with smoking inmates for 133 days resulting in ETS exposure which aggravated the plaintiff's asthma and necessitated his increased use of an inhaler failed to satisfy the objective component); *Williams,* 2007 WL 1032365, at *15 (asthmatic inmate's exposure to ETS during a seven-month period failed to satisfy the objective component).

It is also obvious from the case law in this area that the risk of which Plaintiff complains *is* one that today's society chooses to tolerate.  *See Griffin v. DeRosa*, 153 F. App'x 851, 853 (3d Cir. 2005) (a prisoner's allegation that he had been exposed to ETS in inadequately ventilated restrooms over twenty months failed to show that the prisoner was exposed to unreasonably high levels of ETS contrary to contemporary standards of decency); *Hankins v. Bethea*, No. CIVA 0:05-3334 DCNBM, 2007 WL 172509, at *6 (D.S.C. Jan. 18, 2007) ("[e]xposure to moderate levels of cigarette smoke is a common fact of contemporary life, and [p]laintiff has failed to present evidence to show that the amount of ETS he was exposed to during the relatively short [5-month] period of time set forth in his [c]omplaint was at such an unreasonably high level that it violated contemporary standards of decency"); *Colon v. Sawyer*, No. 9:03-CV-1018 LEK/DEP, 2006 WL 721763, at *9 (N.D.N.Y. Mar. 20, 2006) (asthmatic plaintiff's claim that "he [was] housed in a dormitory unit where smoking [was] permitted, and that he [was] subjected to ETS near the dining

hall entrance and exit, as well as his speculation that such circumstances 'may result in catastrophic harm to [him],' . . ., simply [did] not describe conditions that rise to a level which today's society chooses not to tolerate"); *see also Conyers v. Mich. Dep't of Corr.*, No. 5:06-cv-100, 2006 WL 2644990, at *6 (W.D. Mich. Sept. 14, 2006). Therefore, Plaintiff's allegations fail to satisfy the objective element for an Eighth Amendment claim.

Plaintiff further fails to meet the subjective element of the *Helling* test, i.e., that Defendants were deliberately indifferent to his exposure to unreasonably high levels of ETS. The total time period at issue in this case was less than two months, November 14, 2006 to January 6, 2007. The fact that Defendants may have misplaced Plaintiff's original Tobacco-Free Housing Unit Form when the MDOC transferred him to MPF does not amount to deliberate indifference. After Plaintiff brought the issue to Defendants' attention by way of a grievance, Defendants gave Plaintiff a new Tobacco-Free Housing Unit Form to complete and transferred him to tobacco-free housing unit a few days later. In addition, MPF prison officials had appropriate policies in place. Policy Directive 01.03.140 states that smoking is prohibited in prisoner housing units. *See* MICH. DEP'T OF CORR., Policy Directive 01.03.140, ¶ B. The adoption of the MDOC's no smoking policy and the prison officials' current attitude and conduct, which reflect a "zero tolerance" for smoking in the housing units, bears heavily on the deliberate indifference inquiry. *Helling*, 509 U.S. at 36. Plaintiff complains that Defendants did not enforce the smoking policy. It is well established that imperfect enforcement of a non-smoking policy does not rise to the level of deliberate indifference. *Talal*, 403 F.3d at 427; *Wilson v. Hofbauer*, 113 F. App'x 651, 652 (6th Cir. 2004) (imperfect enforcement of MDOC Policy Directive 01.03.140, which prohibited smoking in all occupied buildings, including housing units, "show[ed], at most, negligence by the defendants, rather than deliberate

indifference"); *Moorer v. Price*, 83 F. App'x 770, 773 (6th Cir. 2003) (imperfect enforcement of MDOC Policy Directive 01.03.140 does not equate to deliberate indifference). Therefore, I recommend that Plaintiff's allegations fail to state an Eighth Amendment claim.

### B. Equal Protection Clause

Plaintiff claims that he was the only prisoner who requested a tobacco-free housing unit and did not receive his request. In Grievance No. MPF-07-01-00-005-03C, Plaintiff mentioned that the MDOC placed prisoner Ogrodowski in a tobacco-free housing unit "within a reasonable time" after he was transferred to MPF on November 14, 2006. (*See* Ex. to Compl., Jan. 3, 2007 Step I Grievance, docket #1.) The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A claim that Plaintiff was treated one way and everyone else was treated another way, by itself, is not sufficient to state an equal protection claim. *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992). Rather, Plaintiff must show that he was victimized by some suspect classification. *Id*. Absent some allegation or proof that the law was applied differently to Plaintiff because of race, gender, age, or some other improper classification, no equal protection claim has been stated. *Wagner v. Higgins*, 754 F.2d 186, 194 (6th Cir. 1985) (Contie, J., concurring). Plaintiff's allegations are wholly conclusory. He merely states that he is being treated differently than other prisoners who were transferred to MPF on the same date or after the MDOC transferred Plaintiff to MPF. While Plaintiff mentions one prisoner who was placed in a tobacco-free housing unit within a reasonable time after his transfer to MPF, Plaintiff fails to define a "reasonable time." As Plaintiff fails to provide specific

factual allegations to support his contention, he fails to state an equal protection claim. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard*, 76 F.3d at 726; *Chapman*, 808 F.2d at 465; *Smith*, 760 F.2d at 106; *Turnboe*, 2000 WL 1679478, at *2.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:  April 24, 2007              /s/  Joseph G. Scoville
                                    United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).